**Van A. PENA, Ph.D., M.D.,**
**Plaintiff/Appellant,**

v.

**Judith BJORNDAL, M.D.,**
**Defendant/Appellee.**

No. 04–16122.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Filed April 19, 2006.

Lawrence J. King, Esq., Lawrence J. King Law Offices, David P. King, Esq., Petaluma, CA, for Plaintiff–Appellant.

Terry Senne, Fiel D. Tigno, DAG, AGCA–Office of the California Attorney General, Oakland, CA, for Defendant–Appellee.

Before: PAEZ and TALLMAN, Circuit Judges, and KARLTON,* District Judge.

* The Honorable Lawrence K. Karlton, Senior United States District Judge for the Eastern District of California, sitting by designation.

## MEMORANDUM **

Dr. Van A. Pena ("Pena") appeals the district court's grant of summary judgment in favor of Dr. Judith Bjorndal ("Bjorndal"). Pena argues that there were material disputed facts which precluded the grant of summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and review de novo the grant of summary judgment. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir.2001).

To bring a claim for retaliation in violation of the First Amendment Pena must demonstrate (1) that he engaged in protected speech; (2) that his employer took adverse employment action; and (3) that his speech was a "substantial or motivating" factor behind the adverse employment action. *See Bd. of County Comm'rs v. Umbehr*, 518 U.S. 668, 675, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996); *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir.2003). At issue here is whether Pena's protected speech was a substantial or motivating factor in the decision to terminate him.

We have recognized at least three ways a plaintiff may demonstrate, through circumstantial evidence, that his speech was a substantial or motivating factor for the adverse employment action. Plaintiff may demonstrate (1) that the proximity in time between the adverse employment action and the protected speech is sufficiently short such that a jury could logically infer that the action was motivated by the speech, (2) that the defendant expressed opposition to his speech, either to him or to others, or (3) that the reason given for taking the adverse employment action was false and pretextual. *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 929 (9th Cir.2004). Applying these factors, we con-clude that there are disputed material facts that preclude summary judgment.

Under the first approach, Pena claims that because there were only three weeks between his placement on administrative leave and his last report of medical negligence, there is sufficient proximity in time to demonstrate that his speech was a substantial or motivating factor in his ultimate termination. We conclude that the time period was sufficiently brief so as to permit an inference of retaliation. *Coszalter*, 320 F.3d at 977; *see also Alpha Energy Savers, Inc.*, 381 F.3d at 929; *Allen v. Iranon*, 283 F.3d 1070, 1078 (9th Cir.2002). The proximity in time, however, must be considered in the context of the factual situation, and it should be left to the jury to determine whether the inference alone is sufficient to find a violation. *Coszalter*, 320 F.3d at 977-78 ("[T]he length of time, considered without regard to its factual setting, is not enough by itself to justify a grant of summary judgment.").

Under the second approach, Pena alleges that Bjorndal expressed opposition to his speech when she asked him not to continue taking photographs of patients without their consent. It is disputed why Pena was asked to cease taking these pictures. Pena claims the request was an effort to stop him from documenting abuse and medical negligence while Bjorndal claims it was simply against the Sonoma Developmental Center's policy to take photographs of patients without their consent. This question remains unresolved as the content of the policy is in dispute.

Finally, there are also disputed material facts whether the reason given for Pena's termination was a pretext for retaliation. The district court determined that there was a lack of evidence that the proffered reason for Pena's termination was false,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

finding that the evidence Pena provided regarding whether his decision to issue the DNR was medically appropriate was immaterial. However, it is not possible to determine whether the reason for Pena's termination was false or pretextual without considering the merits of Pena's actions. *See id.*

There is no evidence in the record whether, absent a record of filing complaints, Bjorndal would normally have fired a doctor for what could be characterized as a dispute over the proper medical decision. *See Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503, 512 (9th Cir.2004) (holding that defendants were required to show that they *would* have taken the same action even in absence of the protected conduct, not just that they *could* have taken such action). Where a plaintiff establishes a prima facie claim of retaliation, as here, then the burden shifts to the defendant to demonstrate that "[the employer] would have reached the same decision even in the absence of the [employee's] protected conduct." *Umbehr*, 518 U.S. at 675, 116 S.Ct. 2342.

Bjorndal claims that Pena withheld crucial information, but we cannot determine from the present record whether the reason tendered was pretextual, or whether the conduct alone would have caused Bjorndal to terminate Pena. There is also a genuine dispute about what Pena told Bjorndal during their conversation about the DNR order. The district court concluded that "the undisputed evidence demonstrates that Plaintiff failed to disclose to his supervisor material facts about his issuance of a Do Not Resuscitate order for a patient." Pena, however, disputes that he

failed to provide the proper information. In his deposition Pena explicitly denied that Dr. Thakor ever told him that Elizabeth R. wanted CPR. He also testified that the information regarding the patient's wishes was not available to him to be communicated to Bjorndal. Finally, other evidence in the record indicates that Pena was under no obligation to consult with Bjorndal, and therefore a genuine dispute remains whether Pena's failure to disclose information to Bjorndal was sufficient cause for his termination.

In light of the disputed facts, we conclude that granting summary judgment for Bjorndal was improper. Pena provided evidence to support each element of his retaliation claim and it is for the jury to determine the credibility of the witness as to resolve the factual disputes.[1]

**REVERSED and REMANDED.**

---

1. Although Bjorndal raises the question, the district court did not address whether Bjorndal was entitled to qualified immunity. Accordingly, we leave this issue for the district court to determine in the first instance on remand.

